# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Lindsay Shapiro, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| World Acceptance Corporation; and DOES 1-10, inclusive, | : **COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Lindsay Shapiro, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA") and the Georgia Fair Business Practices Act O.C.G.A. § 10-1-390, *et seq.* (the "GFBPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Lindsay Shapiro ("Plaintiff"), is an adult individual residing in Winston, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6)

5. Defendant World Acceptance Corporation ("WAC"), is a South Carolina business entity with an address of 108 Frederick Street, Greenville, South Carolina 29607, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6. Within the last year, WAC began calling Plaintiff's cellular telephone, number 404-xxx-9102, using an automatic telephone dialing system ("ATDS"), in an attempt to collect a debt.

7. When Plaintiff answered calls from WAC, she heard silence and had to wait on the line before she was connected to the next available representative.

8. On or about May 8, 2019, Plaintiff spoke with a live representative and requested WAC cease placing calls to her and requested it only contact her via mail.

9. Nevertheless, WAC continued to place automated calls to Plaintiff's cellular telephone number.

10. Such action caused Plaintiff a significant amount of frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq*.

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone system(s) have some earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, she heard a silence before Defendant's telephone system would connect her to the next available representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was and is assigned to a cellular telephone serviced by T-Mobile for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## VIOLATIONS OF THE GFBPA – O.C.G.A. § 10-1-390, et seq.

23.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.   Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

25.   Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

26.   Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

27.   Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

  A. Actual damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant;

B. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Cost of litigation and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399(d) against Defendant;

D. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C) and O.C.G.A. § 10-1-399(c);

E. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendant;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 7, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Lindsay Shapiro
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com